IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WILLARD E. WALBRIDGE JR.,** *Plaintiff,* v. **CITY OF OILTON, OKLAHOMA,** *et al.*, *Defendants.* | Case No. 24-cv-00374-GAG-JFJ |

**OPINION AND ORDER**

**GUSTAVO A. GELPÍ, Circuit Judge.**[1]

Defendant Officer Joe Beers ("Defendant Beers") moves this Court to stay the current civil matter pending the resolution of a parallel state court criminal case arising from the same incident. (Dkt. No. 30, "Motion.") For the reasons discussed below, this Court **DENIES** Defendant Beers's Motion.

**I.   BACKGROUND**

Just last month, this Court entered an opinion and order denying Defendant Beers's motion to dismiss Plaintiff Willard E. Walbridge Jr.'s ("Plaintiff") complaint. (Dkt. No. 31, "Order.") Now, writing for the parties, this Court incorporates by reference the background set forth in the Order. (*Id.* at 2–4.) In short, this case arises from a confrontation between Plaintiff—a resident of Creek County, Oklahoma—and Defendant Beers—an officer of the Oilton Police Department. (*Id.* at 2.) The confrontation allegedly occurred at Plaintiff's property; quickly escalated, such that Defendant Beers forcefully arrested Plaintiff; and resulted in Plaintiff's suffering injuries. (*Id.* at 2–3.)

---

[1] The Honorable Gustavo A. Gelpí, Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation.

During the pendency of Defendant Beers's motion to dismiss, he was charged in Oklahoma state court with four criminal counts related, at least in part, to the facts and circumstances of this civil suit.[2] (Dkt. 30 at 1.) Defendant Beers moves this court to stay this civil case.

## II. DISCUSSION

Citing his pending criminal case, Defendant Beers asks this Court to stay this civil action. (*See generally id.*) Defendant Beers say that if this civil case proceeds parallel to the criminal one, he will face a "Hobson's choice": he will either have to (a) invoke his Fifth Amendment privilege, which might benefit his criminal defense but prejudice him in this suit; or (b) defend himself fully in this civil action, but risk prejudicing his defense in the criminal case. (*Id.* at 3.)  Not so.  As of now, Defendant Beers has not convinced this Court that he faces such a quandary.  And if he does encounter such risks in the future, protective measures—short of a blanket stay—can reasonably protect his rights.  So this Court denies the Motion.

"When applying for a stay, a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).  To be sure, prejudice to a party's constitutional rights can cause hardship or inequity.  But "[t]he Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Id.*  That is, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* (alteration in original)

---

[2] State of Oklahoma v. Beers, CF-2025-161, Creek County District Court - Oklahoma State Court Network Online Docket: https://www.oscn.net/dockets/GetCaseInformation.aspx?db=creek&number=CF-2025-00161&cmid=11767566.

(quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)); *see also Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985) ("The propriety of postponement is a matter for the exercise of the trial court's discretion."). Instead, a court evaluating a motion for a stay of civil proceedings "must consider the extent to which a party's Fifth Amendment rights are implicated." *Kreisler*, 563 F.3d at 1080.

To guide this Court's inquiry, both parties direct it to the "six-factor test" elucidated in *In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003). There, the court surveyed decisions from across the country and aggregated the following relevant factors:

> (1) The extent to which issues in the criminal case overlap with those presented in the civil case;
> (2) The status of the case, including whether the defendant has been indicted;
> (3) The private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay;
> (4) The private interests of, and burden on, the defendant;
> (5) The interests of the Court; and
> (6) The public's interest.

*Id.* (collecting cases); *see also Bates v. Bd. of Cnty. Com'rs of Mayes Cnty.*, No. 13-0805, 2014 WL 6836166, at *2 (N.D. Okla. Dec. 3, 2014) (employing the same factors). This Court follows the parties' lead, keeping in mind, however, that each case must be decided "in light of the particular circumstances and competing interests involved." *Keating*, 45 F.3d at 324 (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)); *see also United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 85 (2d Cir. 1995) (explaining that a court's handling of "any motion precipitated by a litigant's assertion of the Fifth Amendment in a civil proceeding . . . necessarily depends on the precise facts and circumstances of each case").

This Court finds that the six factors, in the context of this particular case, weigh against a stay. Start with the first factor—the overlap between the criminal and civil cases. Some courts have dubbed it the most important factor in the analysis. *See, e.g.*, *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980) (en banc) ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil . . . action involving the same matter."); *Chapman v. Hedderman*, No. 20-825, 2021 WL 3686687, at *2 (W.D. Okla. July 30, 2021) ("The first factor is the most important to consider." (collecting cases)). *But see Harrington v. Crater*, No. 17-2343, 2021 WL 1091911, at *4 (E.D.N.Y. Mar. 22, 2021) (recognizing the first factor "as a 'particularly significant factor'" and calling the second factor "the most important" (citations omitted)). That is so because the discovery permitted under Federal Rule of Civil Procedure 26 "might undermine the party's Fifth Amendment privilege against self-incrimination, expand the rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the [criminal] case." *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).

Here, because the cases "arise[] from precisely the same event," the first factor decidedly favors Defendant Beers's request for a stay. *Obispo v. Ishkiret's Grp., LLC*, No. 24-889, 2024 WL 5056643, at *3 (W.D. Okla. Dec. 10, 2024).

The second factor—the status of the criminal case—likewise favors Defendant Beers. "[A] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct[.]" *SEC v. Pirello*, No. 23-8953, 2024 WL 456828, at *7 (E.D.N.Y. Feb. 5, 2024) (second alteration in original) (quoting *Trs. of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). That is because, following an

indictment, "the likelihood that a defendant may make incriminating statements is greatest" and "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Transworld Mech., Inc.*, 886 F. Supp. at 1139. Here, of course, Defendant Beers has been charged with four criminal counts.

Though important in the six-factor calculus, the first two factors are by no means dispositive. *See Keating*, 45 F.3d at 326 ("[T]he extent to which the defendant's Fifth Amendment rights are implicated is a significant factor . . . , but it is only one consideration to be weighed against others."). Indeed, the third and fourth factors—the parties' interests—offset this Court's findings as to the first two factors.

Take the third factor—Plaintiff's interest in the expeditious resolution of this suit. True, that interest may be present in any case. *See Transworld*, 886 F. Supp. at 1140. But it carries even more weight where, as here, the plaintiff is 76 years old and suffers from health issues (he has had multiple open-heart surgeries and suffers from diabetes). *Cf. Universal Secure Registry, LLC v. Apple Inc.*, No. 17-585, 2018 WL 4486379, at *4 (D. Del. Sept. 19, 2018) (finding key witness's "health and age . . . weigh[ed] against a stay"); *Baratta v. Homeland Housewares, LLC*, No. 05-60187, 2008 WL 10989539, at *2 (S.D. Fla. Oct. 28, 2008) (denying stay because of, among other things, the plaintiff's "advanced age and poor health"). And given that the criminal case is in its early stages, there is no telling how long Plaintiff—aging and in poor health—will have to wait for his day in court. This Court thus finds that the third factor weighs heavily in favor of expeditious resolution of this civil case.

Consider, too, the fourth factor—Defendant Beers's interest. To be sure, Defendant Beers has an "interest[] in avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case," which typically trumps a plaintiff's interest in

expeditious resolution of his case. *See Transworld Mech., Inc.*, 886 F. Supp. at 1140. Yet, as of now, Defendant Beers has not faced such a quandary. *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1241 (noting that "[t]he detriment to [the movant] from any negative inference[]" was too speculative). And, to the extent such an issue arises, this Court can employ, at Defendant Beers's request, "a variety of procedures" "[l]ess drastic" than a stay, including "sealing answers to interrogatories, sealing answers to depositions, imposing protective orders, imposing a stay for a finite period of time, limiting a stay to a particular subject, or limiting disclosure only to counsel." *Id.* at 1240 (collecting cases); *see also Baker v. Patterson*, No. 16-00181, 2016 WL 6434112, at *4 (D. Idaho Oct. 28, 2016) ("[I]t is highly unlikely that circumstances would ever warrant a stay of the entire case, where other steps can be taken that would adequately protect [the movant's] Fifth Amendment rights."). Indeed, as in *In re CFS-Related Sec. Fraud Litig.*, this Court could "seal [Defendant Beers's] deposition, and direct that it not be used for any purpose outside the civil proceeding except for perjury or impeachment." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. at 1241; *see also Baker*, 2016 WL 6434112, at *3 ("[I]t may be appropriate, upon a showing of sufficient potential prejudice, to enter a protective order barring or delaying [the movant's] deposition, when and if it is noticed, or a protective otherwise designed to protect [the movant's] Fifth Amendment rights.").

      In sum, Defendant Beers has only raised a speculative risk of harm to his Fifth Amendment rights, and when the time comes, less restrictive means may be used to protect those rights. *Baker*, 2016 WL 6434112, at *3 ("[A]dequate steps can be taken at a later date, if necessary, to protect [the movant's constitutional] rights, where this case is still only at the motion to dismiss stage.").

Seeing no need, at present, to stay the civil proceedings, this Court denies Defendant Beers's Motion.[3]

## III. CONCLUSION

For all those reasons, **IT IS ORDERED** that Defendant Beers's Motion (Dkt. No. 30) is **DENIED**.

**SO ORDERED.**

DATED: June 25, 2025

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States Circuit Judge, Sitting by Designation

---

[3] The fifth and sixth factors are unremarkable in this case and thus do not weigh materially in either direction. *See Obispo*, 2024 WL 5056643, at *4 (W.D. Okla. Dec. 10, 2024) (discussing "the Court's and the public's respective interests," which "d[id] not weigh strongly for or against a stay" and thus were "relatively neutral").